Filed 8/18/20  P. v. Geise CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD JOHN GEISE, JR.,<br><br>Defendant and Appellant. | 2d Crim. No. B300192<br>(Super. Ct. No. 2001019839)<br>(Ventura County) |

Richard John Geise, Jr., appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code[1] section 1170.95.  Geise contends the court erred when it concluded that he was not entitled to relief without conducting an evidentiary hearing.  We vacate the order and remand.

FACTUAL AND PROCEDURAL HISTORY

*Trial proceedings*

After a 2001 shooting at a Ventura market, prosecutors charged Geise with murder (§ 187, subd. (a)), two

---

[1] Further statutory references are to the Penal Code.

counts of attempted murder (§§ 664/187, subd. (a)), attempted robbery (§§ 664/211), commercial burglary (then-§ 459), felon in possession of a firearm (then-§ 12021, subd. (a)(1)), and conspiracy to commit robbery (§ 182, subd. (a)(1)). (*People v. Geise* (Mar. 18, 2004, B164906) [nonpub. opn.] [2004 WL 530727 at p. *3] (*Geise*).) They also alleged the felony-murder special circumstance that Geise committed murder during the commission or attempted commission of a robbery or burglary (§ 190.2, subd. (a)(17)(A) & (G)), and that he personally used and discharged a firearm when he committed his crimes (§ 12022.5, subd. (a), 12022.53, subds. (b), (c) & (d)). (*Geise*, at p. *3.)

The trial court instructed the jury on felony murder (CALJIC No. 8.21), felony murder in pursuance of a conspiracy (CALJIC No. 8.26), felony murder by an aider and abettor (CALJIC No. 8.27), and special circumstance felony murder during the commission of a robbery or burglary (CALJIC No. 8.81.17). The court also instructed jurors that a person who aids and abets a crime need not be present at the scene of the crime (CALJIC No. 3.01) and that a conspirator is liable for any offense perpetrated by a coconspirator in furtherance of the conspiracy if that offense is a natural and probable consequence of the objective of the conspiracy, even if the conspirator was not present when the offense was committed (CALJIC No. 6.11). (*Geise*, *supra*, 2004 WL 530727 at p. *9.) It did not instruct jurors on the mental state required for a true finding on the felony-murder special-circumstance allegation (CALJIC No. 8.80.1). (*Geise*, at p. *10.)

During deliberations, jurors asked whether Geise could be guilty of murder if he was not present at the scene of the shooting. (*Geise*, *supra*, 2004 WL 530727 at p. *9.) The court

2

directed jurors to CALJIC No. 3.01. (*Geise*, at p. *9.) The jury thereafter could not reach a verdict on the attempted murder charges or make a finding on the firearm allegations. It convicted Geise of all remaining charges. (*Id*. at p. *4.) It also found true the special-circumstance allegation that he committed murder during the attempted commission of a robbery. (*Ibid*.)

Geise moved for a new trial. He claimed jurors had to conclude that he was not present during the attempted robbery because they rejected the firearm allegations despite evidence that firearms were used by the actors present at the market. To Geise, this indicated that the jury found him guilty under a conspiracy theory.

The trial court disagreed, finding "that there was proof beyond a reasonable doubt to establish [Geise] as one of the two shooters in the [market]." The evidence was largely circumstantial but was "overwhelmingly strong." Moreover, the jury did not have to decide unanimously whether Geise was guilty of murder as a direct participant or as an aider and abettor. The court thus denied Geise's motion, and sentenced him to life in prison without the possibility of parole plus seven years four months. (*Geise*, *supra*, 2004 WL 530727 at p. *4.)

*Prior appeal*

On appeal, Geise argued his murder conviction should be reversed because the instructions allowed jurors to convict based on the theory that he participated in the robbery but was not present at the scene. (*Geise*, *supra*, 2004 WL 530727 at p. *8.) The prosecution's theory at trial was that Geise was one of two men who attempted to rob the market, and was thus guilty of felony murder. (*Ibid*.) During deliberations, however, the jury asked whether Geise could be "engaged" in the crime of

3

robbery if he was not present at the scene of the crime. (*Ibid*.) This question, along with the jury's failure to reach a verdict on the attempted murder charges and its rejection of the firearm allegations, showed that at least some jurors believed he was not at the scene of the shooting. (*Ibid*.)

We agreed it was reasonably probable that one or more jurors voted to convict Geise believing he was not present at the market. (*Geise, supra*, 2004 WL 530727 at p. *9.) Although not the theory advanced by prosecutors, CALJIC No. 3.01 told jurors that a person who aids and abets a crime need not be present at the scene. (*Geise*, at p. *9.) Because the evidence showed that each would-be robber used a weapon at the market, the jury's failure to reach a finding on the firearm allegations suggested that at least one juror believed Geise was not at the scene, and instead convicted him as an aider and abettor or conspirator. (*Ibid*.) We nevertheless affirmed Geise's murder conviction since jurors may rely on different theories of guilt in reaching their conclusions. (*Ibid*.)

We did reverse the true finding on the felony-murder special circumstance, however, because the trial court failed to instruct the jury on the mental state required to prove that allegation. (*Geise, supra*, 2004 WL 530727 at pp. *10-11.) None of the court's other instructions conveyed the requisite mental state to the jury, and at least one juror appeared unconvinced that Geise was the actual killer. (*Id*. at p. *11.) Moreover, "the evidence of mental state [was] not so overwhelming that the juror(s) who convicted [Geise] as a non-killer would have necessarily found that he acted with the requisite intent to kill or reckless indifference to human life if [CALJIC No. 8.80.1] had been given." (*Ibid*.) We thus vacated the sentence on Geise's

4

murder conviction, and permitted prosecutors to retry the special-circumstance allegation on remand or accept a sentence of 25 years to life in prison.  (*Id.* at p. *12.)  Prosecutors opted for the latter.

*Section 1170.95 proceedings*

In January 2019, Geise filed a section 1170.95 petition alleging he:  (1) was convicted of felony murder or murder under the natural and probable consequences doctrine; (2) could not be convicted of murder under amended sections 188 and 189; and (3) was not the actual killer, did not aid and abet the actual killer, and was not a major participant in the underlying felony or did not act with reckless indifference to human life.  Prosecutors moved to dismiss the petition based on the alleged unconstitutionality of the legislation enacting section 1170.95, Senate Bill No. 1437 (S.B. 1437).  Alternatively, they argued Geise, as a major participant in the underlying felony who acted with reckless indifference to human life, did not set forth a prima facie case for relief.

The trial court appointed counsel for Geise, and held a hearing on his petition in August.  At the hearing the court found beyond a reasonable doubt that Geise was a major participant in the attempted robbery since he was one of two gunmen inside the market.  He thus failed to make a prima facie showing that he was entitled to section 1170.95 relief.  No order to show cause would issue.

DISCUSSION

Geise contends, and the Attorney General concedes, the trial court erred when it determined that he did not make a prima facie case that he was entitled to section 1170.95 relief.  We agree.

5

In 2018, the Legislature enacted S.B. 1437 "to amend the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) "Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [their] participation in a crime.' [Citation.]" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144 (*R.G.*); see § 188, subd. (a)(3).) Additionally, felony-murder convictions are now permitted only for those who actually killed, directly aided and abetted actual killers, or were major participants in the underlying felonies who acted with reckless indifference to human life. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410; see § 189, subd. (e).)

S.B. 1437 "also added section 1170.95 [to the Penal Code], which permits those convicted of [felony murder or] murder under a natural and probable consequences theory to file a petition with the sentencing court to vacate [their] conviction and be resentenced." (*R.G.*, *supra*, 35 Cal.App.5th at p. 144.) Subdivision (a) of section 1170.95 sets out the criteria for filing a resentencing petition: "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony-murder or murder under the natural and probable consequences doctrine," "(2) [t]he petitioner was convicted of . . . murder following a trial," and "(3) [t]he petitioner could not [now] be convicted of . . . murder because of changes to [s]ection 188 or 189."

6

Subdivisions (c) and (d)(1) of section 1170.95 set forth the process for the trial court to follow when it receives a petition: First, the court "shall review the petition and determine if the petitioner has made a prima facie showing that [they fall] within the provisions of this section." (§ 1170.95, subd. (c).)  Next, "[i]f the petitioner has requested counsel, the court shall appoint counsel to represent [them]." (*Ibid.*)  It must then direct prosecutors to file and serve a response, and permit the petitioner to file and serve a reply. (*Ibid.*)  If, upon consideration of the petition and the parties' papers, the court determines that "the petitioner [has made] a prima facie showing that [they are] entitled to relief, [it] shall issue an order to show cause." (*Ibid.*)  Within 60 days of issuing that order, "the court shall hold a hearing to determine whether to vacate the murder conviction and . . . resentence the petitioner." (*Id.*, subd. (d)(1).)

Here, the trial court correctly followed the first three steps—it determined that Geise made a prima facie showing that he was eligible for relief, appointed counsel, and permitted briefing—but erred when it determined, without an evidentiary hearing, that Geise had not made a showing that he was entitled to relief.  The record shows that Geise was charged with and convicted of murder, and that he could have been convicted under the felony-murder rule.  And on this record we cannot say, as a matter of law, that the evidence shows that he could be convicted of murder under the current versions of sections 188 and 189.

As we observed in Geise's prior appeal, it appears that while some jurors believed Geise was one of the gunmen in the market at the time of the murder, others concluded he was not present and instead convicted him as an aider and abettor or coconspirator.  And those who voted to convict Geise as a non-

7

killer did not necessarily find that he acted with the intent to kill or with reckless indifference to human life. The court below disregarded our observations, however, and instead determined that Geise was one of the gunmen in the market. Engaging in such factfinding without first issuing an order to show cause and conducting an evidentiary hearing was error. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 982 (*Drayton*).)

On remand, the trial court must issue an order to show cause and conduct a hearing in accordance with section 1170.95, subdivision (d). (*Drayton, supra*, 47 Cal.App.5th at pp. 982-983; see *People v. Endsley* (2018) 28 Cal.App.5th 93, 104 [remand appropriate where trial court failed to follow statutory procedures].) At that hearing, prosecutors bear the burden of proving beyond a reasonable doubt that Geise is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) We express no opinion as to whether prosecutors will be able to carry that burden. (*Drayton*, at p. 983.)

DISPOSITION

The August 7, 2019, order denying Geise's petition for section 1170.95 relief is vacated, and the matter is remanded to the trial court with directions to: (1) issue an order to show cause as to why Geise is not entitled to the relief sought in the petition, and (2) conduct an evidentiary hearing to determine whether to vacate his murder conviction, recall his sentence, and resentence him.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.                    PERREN, J.

8

F. Dino Inumerable, Judge

Superior Court County of Ventura

_____

  Madeline McDowell, under appointment by the Court of Appeal, for Defendant and Appellant.

  Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and David E. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.